■ ROBERT J. GREEN et al., Apellants, v. GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Respondents.— GIBSON, P. J. In this action for a declaratory judgment, plaintiffs appeal from an order and judgment which denied their application for summary judgment and granted to defendant summary judgment declarative of the parties' rights as asserted by defendant. Plaintiffs are the owners of a shopping center and defendant is the lessee of a portion of the premises under a lease executed to it by plaintiffs' predecessors in title. The controversy relates solely to the meaning of paragraph 36 of the lease, which provides as follows: "Exclusion Clause 36. The Lessor obligates itself not to lease, rent or permit to be occupied a store wherein it is interested in which there shall be conducted a grocery store or a trade or business which shall be of the same nature as the trade or business of the Lessee within the shopping center or area described in this lease, during the term of this lease or any extension thereof. Lessor further covenants that it will not convey or dispose of any of the land comprising this shopping center or land described in this lease except by deed containing restrictive covenants substantially equivalent to the covenants herein." Of principal significance are the phrases "a store wherein it [the lessor] is interested in which there shall be conducted a grocery store or a trade or business" of the nature described. Plaintiffs contend, and seek a declaration that they have the right "to lease, rent, or permit to be occupied within the shopping center area referred to herein a store in which there shall be conducted a grocery store or a trade or business of the same nature as the trade or business of the defendant, provided that plaintiffs do not have a proprietary interest in such store." Defendant seeks declaratory judgment that the "exclusion clause is not limited to a grocery store or trade or business in which the Lessor has a proprietary interest but gives the Lessee the exclusive right to conduct a grocery store or a trade or business of such general nature within said shopping center or area described in such lease". The trial court held: "The paragraph read in its entirety appears plain and unambiguous. It protects the defendants from having the plaintiffs or any other person or entity conduct a competing business in the shopping center." The word "store" as used in the phrase "a store wherein it is interested" would, most often perhaps, connote a business rather than the space occupied by the business and, indeed, the word "store" in the sense of space is not used elsewhere in the lease, which employs instead such words as "premises" and "demised premises", as well as "building" and "store building". Further, the word "interested" does not seem particularly felicitous, in this particular context, to indicate title to real estate, as defendant contends, rather than a proprietary interest in a business, as asserted by plaintiffs. It would seem that the interpretation for which defendant argues would, contrary to familiar canons of construction, excise and deny any effect to the clause "wherein it is interested". Defendant seeks to counter this argument by asserting that the phrase was employed to cover a possible change in the lessor's title to an interest less than a fee interest, but it is difficult to perceive how such a change could so militate against defendant's rights under the agreement as to require the interpolation of this murky verbiage or, indeed, any additional provision. Looking upon the obverse of the coin, the construction for which plaintiffs contend is also not without doubt. Consequently, we cannot regard the disputed exclusion clause as other than ambiguous. As regards certain of the conventional aids to construction, the affidavits disclose factual differences which cannot be resolved upon motion or upon this appeal.

Judgment and order modified, on the law and the facts, so as to delete the provisions thereof awarding summary declaratory judgment and the provisions thereof dismissing the complaint, and, as so modified, affirmed, with costs to appellants. Herlihy, Taylor, Aulisi and Hamm, JJ., concur.